STATE of Maine,

v.

Steven A. GRAHAM.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1993.

Decided Jan. 19, 1994.

Stephanie Anderson, Dist. Atty., Thomas S. Marjerison (orally), Asst. Dist. Atty., Patricia A. Mador, Asst. Atty. Gen., Portland, for State.

Peter M. Rice (orally), Yarmouth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Steven Graham appeals from the judgment entered on his conviction by jury trial in the Superior Court (Cumberland County, *Bradford, J.*) for intentionally or knowingly furnishing marijuana. 17–A M.R.S.A. § 1106 (1983). Graham contends, *inter alia*, that the trial court erroneously admitted into evidence hearsay testimony. We affirm the judgment.

On July 21, 1992, Keith Roberts called the Portland Police Department to report that Steven Graham was selling marijuana while a temporary resident in Roberts's apartment. When the police entered Roberts's apartment, they immediately saw a set of triple-beam scales and a water pipe, both of which Graham admitted owning. In a wooden salad bowl and in a briefcase found under the kitchen sink, the police discovered marijuana in plastic bags. Graham freely admitted ownership of the salad bowl and the briefcase, but denied owning or knowing anything about the marijuana. The total weight of the marijuana was approximately 70 grams or 2½ ounces.

Two police officers testified. Keith Roberts did not testify. Officer James Ross, however, testified that the police searched the apartment "[b]ecause of a contact call we got from a person identified as Keith Roberts." Graham objected to only one question during the State's redirect examination of Officer Ross. The Superior Court overruled the objection on the basis that defense counsel opened the door.

On cross-examination of the officer, defense counsel first established that the informant had "access to his own apartment" and the items therein. He next established that defendant voluntarily accompanied the officers into the apartment, and readily acknowledged ownership of the wooden bowls and opened the briefcase for the officers even though it was found to contain marijuana in an envelope bearing his name. Finally, he established that defendant did all of this "[a]s if he had nothing to hide." Obviously, defense counsel meant to suggest to the jury that the informant might have planted the marijuana in defendant's belongings and then called the police. On redirect examination, the State confirmed that the marijuana was

found only in items belonging to defendant rather than the informant.

Defense counsel then engaged in the following exchange in recross:

Q. It was Keith Roberts that invited you to this apartment to do this search in the first place, isn't it?

A. That's correct. He made us aware of the possibility of marijuana being there.

Q. And—

A. That was the purpose of the consent search.

Q. Now, did you expect to find any marijuana in Keith Roberts' possession given that it was him that invited you to come search this apartment?

A. I expected to find marijuana in the briefcase based on his information.

Q. Okay. You didn't expect to find any pot on Keith Roberts; did you?

A. I would be surprised to do so since he is the one that called us, yes.

Following this cross-examination Graham had established that the informant had told the police that they would find marijuana in Graham's briefcase. When on redirect the State sought to underline the same point:

Now, with respect to, "did you expect to find the marijuana in the briefcase," why— based on what? Did you have a conversation with Mr. Roberts or—

Graham interposed his one and only hearsay objection. The State's question sought admissible testimony. The court correctly overruled Graham's objection.

The remaining questions posed to Officer Ross were not objected to and therefore should be reviewed for "obvious error." *See State v. True*, 438 A.2d 460, 467 (Me.1981) ("seriously prejudicial error tending to produce manifest injustice"). In our view there was none since the testimony elicited was not disputed and was substantiated by other testimony.

Graham's remaining arguments are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.